IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMI GANDY,

          Plaintiff,

vs.                                 Civil Action No.

STANDARD INSURANCE COMPANY,

          Defendant.

**COMPLAINT**

      AND NOW, comes the Plaintiff, JAMI GANDY, by and through her attorney, Brian Patrick Bronson, Esquire, and the law firm of QuatriniRafferty, P.C., and files this Complaint in Civil Action in the Federal District Court for the Western District of Pennsylvania, stating as follows:

**INTRODUCTION**

**NATURE OF THIS ACTION**

      1.    This action is filed pursuant to the Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. (hereinafter referred to as "ERISA") and the Declaratory Judgment Act, 28 U.S.C. §§2201, 2202. Ms. Gandy (hereinafter Plaintiff) is a participant in an employee welfare benefit plan (hereinafter referred to as "The Plan") which is administered pursuant to an insurance policy issued by Standard Insurance Company. The Plan is governed by ERISA. Plaintiff is a beneficiary under the Plan. This

Complaint challenges the Plan's unlawful practice of failing to provide Plaintiff with the timely payment of Long-Term Disability benefits under the Plan. Specifically, Plaintiff is filing this action to enforce her rights under the Plan and for attorney fees, interest and costs as provided by ERISA.

## JURISDICTION AND VENUE

2. This Court has Original Jurisdiction to hear this complaint and to adjudicate the claims herein pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132.

3. Venue is proper in this Court, as the Plan was administered in the Western District of Pennsylvania.

## PARTIES

4. The Plaintiff, Jami Gandy resides at 710 Cottonwood Drive, Monroeville, Pennsylvania, Allegheny County.

5. The Defendant, Standard Insurance Company, is the Claims Administrator of Long Term Disability claims and is located at 900 SW Fifth Avenue, Portland, Oregon.

6. Defendant administered employee benefits, mainly Long Term Disability benefits, under the Plan in accordance with the insurance policy issued to the Plan by the Claims Administrator.

## STATEMENT OF FACTS

7. Ms. Gandy was employed by Optum Clinical Service, a division of United Health Group as a House Calls Practitioner. In this position she worked as a Nurse Practitioner conducting in-home health assessments. Ms. Gandy was hired in this position of employment on April 28, 2014.

8. Ms. Gandy last worked her employer on October 22, 2014.

9. Ms. Gandy has numerous "pre-existing" medical conditions.

10. Ms. Gandy was unable to continue working in her position of employment due to an acute medical condition, in which she went into respiratory arrest and was placed on a ventilator resulting in a Neurocognitive Disorder and Angioedema. Ms. Gandy's acute respiratory arrest resulted in deficits unrelated to her "pre-existing" medical conditions, mainly, cognitive difficulties which prevent her from returning to her own occupation as a House Calls Practitioner.

11. The Defendant initially denied the Plaintiff's Claim for Long-Term Disability benefits by letter dated May 27, 2015, as they determined that the Plaintiff's disability was the result of a "pre-existing" medical condition.

12. The Plaintiff filed a timely and responsive appeal to the Defendant's initial denial by letter dated November 3, 2015.

13. The Defendant affirmed their decision to deny the Plaintiff's Long Term Disability benefit claim based upon the "pre-existing" limitation clause contained in the policy by letter dated March 11, 2016.  With this denial, the Plaintiff exhausted all her Administrative Remedies.

## CAUSE OF ACTION

**Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq.**

14. Paragraphs 1 through 13 are incorporated herein as if set forth at length.

15. Plaintiff has exhausted all administrative remedies and mandatory appeals as required by the Plan and ERISA 29 U.S.C. §1001 et seq.

16. Plaintiff's Long Term Disability insurance became effective on May 1, 2014.

17. At all times relevant to this action, the Plaintiff has been unable to perform the material duties of her own occupation as a House Calls Practitioner, independent of her "pre-existing" conditions, due to the after effects of her acute respiratory arrest which resulted in a Neurocognitive Disorder and Angioedema.

18. The Defendant arbitrarily interpreted the policy language to exclude coverage for the Plaintiff's Neurocognitive Disorder and Angioedema, which were not in fact "pre-existing" as it was the result of an acute medical episode outside the pre-existing look back period.

19. The Defendant ignored pertinent medical evidence and failed to evaluate all of the evidence of record including the medical of Plaintiff's treating physicians.

20. The Defendant did not conduct a full and fair review of the claim as required by ERISA.

- 5 -

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully prays that the Court issue an Order:

(1) Awarding, declaring or otherwise providing Plaintiff all relief to which Plaintiff is entitled under ERISA Section 502 Paragraph (a) 29 U.S.C. Section 1132(a);

(2) Awarding pre and post judgment interests;

(3) Awarding Plaintiff the costs of this action and reasonable attorneys fees;

(4) Awarding such other relief as may be just and reasonable.

/s/ Brian Patrick Bronson, Esquire
Brian Patrick Bronson, Esquire (Pa #89035)
QuatriniRafferty, P.C.
550 East Pittsburgh Street
Greensburg, PA  15601
Phone:  (724) 837-0080
Fax:  (724) 837-1348
E-mail:  bpb@qrlegal.com

Dated:   July 25, 2016